All right, our seventh case for this morning is Pavlicek v. Commissioner Saul. And we have Mr. Duncan and Mr. Neltzer. It looks like we have everybody. So, Mr. Duncan, you may proceed. Thank you, Your Honor. May it please the Court, good morning. Dana Duncan on behalf of Andrew Pavlicek. This case raises several interrelated issues. First, for this Court, primarily to the weight of the treating physician statement. This being a pre-March 27, 2017 case when the regulations were changed and the weight of the state agency psychological consultants' opinions. Pavlicek stands by the arguments made in his briefs filed herein. However, this argument is going to focus primarily on the heart of the entire case, which is the application of the regulatory factors, the weighing of those, and the articulation performed by the ALJ in the decision. If all other issues are removed or denied, the primary issue is going to be, as I'm outlining it, would still be grounds for remand. The Supreme Court has outlined and reiterated this point in the BSTIC decision. By employing the term substantial evidence, thus invoked among other things, the reviewing court's recognition that the early function of the process requires the grounds be clearly discussed.